

Continental Plaza · 411 Hackensack Avenue, Suite 701 · Hackensack, NJ 07601 · (tel&fax) 201.273.7117

March 8, 2024

*Via ECF*

Honorable Michael A. Hammer, U.S.M.J.
U.S. District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street, MLK 2C
Newark, New Jersey 07101

      **Re:**    ***Carolina C. Zamora v. Midland Credit Management, Inc., et al.***
              **Case No. 2:22-cv-03250-ES-MAH**
              **File No. 22-031**

Dear Judge Hammer:

This firm represents the Plaintiff. This action was administratively terminated and we now request that it be reopened.

On April 22, 2022, Plaintiff commenced this action in the Superior Court of New Jersey. On May 31, 2022, Defendant removed the action. On May 24, 2023, the parties filed a joint status letter requesting the action be stayed pending Plaintiff's bankruptcy proceedings [ECF No. 15]. On January 24, 2024, the Court entered an Order [ECF No. 16] which administratively terminated the action but allowed the Plaintiff the right to reopen the matter once the Trustee completes the Bankruptcy Litigation.

Plaintiff's claims arise under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* The FDCPA provides for fee-shifting when an action is "successful." 15 U.S.C. § 1692k(a)(3).

On December 20, 2023, the United Bankruptcy Court entered an Order (copy enclosed) which, among other things, approved a Settlement Agreement signed by the Chapter 7 Trustee and six entities against whom Ms. Zamora scheduled claims—one of whom is the Defendant in the instant. It is our reading of the judicially-approved settlement agreement that (1) the terms of the settlement make this a successful action because it is judicially-approved and alters the legal relationship of the parties (*Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598 (2001)), (2) upon receipt of Defendant's payment, the Trustee will file a stipulation of dismissal as to Plaintiff's claims and (3) the agreement does not expressly waive the claim for attorneys' fees.

It is our understanding that the Third Circuit has long applied a bright line test as to whether a settlement agreement forecloses a subsequent application for attorneys' fees and expenses. *El Club Del Barrio, Inc. v. United Cmty. Corps.*, 735 F.2d 98 (3d Cir. 1984); *Ashley v. Atl. Richfield Co.*, 794 F.2d 128 (3d Cir. 1986); *Torres v. Metro. Life Ins. Co.*, 189 F.3d 331 (3d Cir. 1999). The test has been applied to the FDCPA's award of attorneys' fees and expenses under 15 U.S.C.

Honorable Michael A. Hammer, U.S.M.J.
Page **2** of **2**

§ 1692k(a)(3). *Andrews v. Prof'l Bureau of Collections of Md., Inc.*, 270 F.R.D. 205, 207-08 (M.D. Pa. 2010) (citing *Minnick v. Dollar Fin. Grp., Inc.*, 2002 U.S. Dist. LEXIS 9115 (E.D. Pa. May 20, 2002)). The test mandates that, unless the settlement agreement *expressly* waives the recovery of attorneys' fees, they are not waived.

As Plaintiff's counsel, we intend to a motion for fees and expenses under Fed. R. Civ. P. 54(d)(2) and L.Civ.R. 54.2. I note that the former requires the motion to be filed within 14 days after the entry of judgment while the Local Rule sets the deadline 30 days after the order or judgment. Unless the Court directs a different deadline, it is our intent to file the fee application no later than 30 days after the later of either (*i*) the filing of the stipulation or (*ii*) the date the Court enters an order approving the stipulation.

Thank you for Your Honor's consideration in this matter.

Very truly yours,

*s/Philip D. Stern*
Philip D. Stern
KIM LAW FIRM LLC

PDS/tm
cc:    All Counsel of Record (*via ECF*)
        Jason S. Baumgarten, Esq., attorney for Eric R. Perkins, Chapter 7 Trustee